**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANE SANSEVERO,<br><br>              Plaintiff,<br><br>    v.<br><br>COUNTY OF MERCER, et al.,<br><br>              Defendants. | Civil Action No. 22-1977 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

     This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Dane Sansevero's civil complaint (ECF No. 1) and *in forma pauperis* application (ECF No. 1-2) in this prisoner civil rights matter. Having reviewed the application, this Court finds that leave to proceed without prepayment of fees is authorized, and Plaintiff's application is therefore granted. As Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.    BACKGROUND**

     Plaintiff is a state pre-trial detainee confined in the Mercer County Correction Center. (ECF No. 1 at 2.) According to Plaintiff, in July 2021, he was assaulted by another inmate who fractured his left orbital bone. (*Id.* at 7.) Plaintiff alleges that he "advised" several of the named Defendants of unspecified information at some point prior to this assault. (*Id.* at 7-8.) Plaintiff

was moved to a different unit, where he was placed in a cell with a roommate who was "abusive" towards cell mates and was given disciplinary charges for openly masturbating. (*Id.*) Plaintiff does not allege that this cellmate ever actually assaulted him, only that he was known to be abusive towards cellmates. (*Id.* at 7.) Plaintiff complained, but was not initially moved to a new cell. (*Id.*)

In November 2021, Plaintiff was assaulted by another inmate. (*Id.* at 7-8.) Plaintiff once again alleges that he advised prison staff of unspecified information "prior to the assault," but does not detail what information was passed on to staff. (*Id* at 8.) Plaintiff was once again transferred, but is now unhappy with his new cell placement as he is once again in a unit containing his initial attacker. (*Id.*) Plaintiff, however, does not allege that he has again been assaulted or harmed by this individual. (*Id.*)

In his final group of claims, Plaintiff alleges that he has been subjected to deplorable conditions of confinement at the jail. (*Id.* at 8-9.) Specifically, he alleges that there is mold in the showers and housing units, the showers were inaccessible for several months, cleaning supplies are rarely provided, clean sheets are infrequently provided, and he has not been provided with opportunities to clean several of his clothing items. (*Id.*) Plaintiff, however, fails to assert any facts to support the conclusory allegation that various Defendants—including corrections officers, high level jail officials, Mercer County, and county executives—were aware of the issues he has faced. (*Id.*) Plaintiff also does not specifically allege how each Defendant was involved in producing or failing to correct the issues.

## II.    LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The

2

## III.     DISCUSSION

In his current complaint, Plaintiff seeks to raise two types of claims pursuant to 42 U.S.C. § 1983 – a claim that jail staff failed to protect him from his two attackers and one of his cellmates in violation of the Due Process Clause of the Fourteenth Amendment, and a conditions of confinement claim alleging that he has been placed in punitive conditions in violation of the Fourteenth Amendment. Plaintiff also seeks to raise a number of state law claims.

In order to plead a plausible claim for failure to protect under the Fourteenth Amendment, a plaintiff must plead facts showing he was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. Here, Plaintiff pleads that he was attacked on two occasions and was placed in a cell with a cellmate who had a history of being abusive. Although Plaintiff states that he "advised" several Defendants of information prior to the two attacks, and that he complained about his cellmate, he does not detail what information was passed on through these advisements, nor of any specific instances in which his cellmate threatened or otherwise attacked him. Plaintiff has thus failed to provide any information which would indicate that Defendants *knew* Plaintiff would be attacked or abused, nor that they were deliberately indifferent to that risk as a result. Plaintiff has thus failed to plead a plausible failure to protect claim, and that claim is therefore dismissed without prejudice as to all Defendants.

In his remaining federal claim, Plaintiff seeks to raise a punitive conditions of confinement claim against all Defendants. In determining whether a given set of circumstances amount to unconstitutional conditions of confinement, "the proper inquiry is whether those conditions

4

amount to punishment prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). Even where the conditions in question are so severe that they would amount to punishment, however, a plaintiff seeking to hold a given defendant liable for a conditions of confinement claim must plead facts which show that the defendant acted with at least deliberate indifference to the conditions in question. *Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135-36 (3d Cir. 2016). Thus, where a plaintiff fails to plead facts indicating that a given defendant at the very least knew of and disregarded the allegedly punitive conditions in question, his claims against that defendant must be dismissed. *Id.* at 136.

Although Plaintiff pleads conditions of confinement that raise the possibility that his conditions could, in the absence of explanation or a legitimate government purpose, be so serious as to be punitive, he does not adequately connect any Defendant to his conditions. Although he provided a conclusory allegation that all Defendants were "aware" of the conditions, he pleads no facts to support this conclusion. He does not provide any allegations suggesting that any particular named Defendant saw the conditions, was directly informed of them by Plaintiff or other inmates, nor any facts which would support an inference of deliberate indifference. Plaintiff's deliberate indifference claims must be dismissed without prejudice as a result. *Id.*

Because this Court will dismiss all claims over which the Court has original jurisdiction, this Court declines to extend supplemental jurisdiction over Plaintiff's additional state law claims at this time. *See* 28 U.S.C. § 1367(c)(3). Plaintiff is granted leave, however, to file an amended complaint addressing the deficiencies in his complaint raised in this Opinion within thirty days.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-2) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file an amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE