**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANE SANSEVERO,<br><br>                 Plaintiff,<br><br>    v.<br><br>COUNTY OF MERCER, *et al.*,<br><br>                 Defendants. | Civil Action No. 22-1977 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Dane Sansevero's amended complaint. (ECF No. 5.) As Plaintiff was granted *in forma pauperis* status in this matter, the Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's amended complaint without prejudice.

**I.    BACKGROUND**

    Plaintiff is a state pre-trial detainee confined in the Mercer County Correction Center. (ECF No. 5 at 2.) According to Plaintiff, on July 3, 2021, he was assaulted by another inmate. (*Id.* at 4.) Plaintiff alleges that, prior to the assault, he "advised" several of the named Defendants through "in-house mail" and "requested to be separated" from the inmate who ultimately assaulted him. (*Id.* at 4-5.) Plaintiff alleges that his requests were not answered. (*Id.* at 5.) Plaintiff, however, does not detail what information he provided in these in-house mail advisements.

Plaintiff was moved to a different unit, where he was placed in a cell with a roommate who was "abusive" towards cellmates and was given disciplinary charges for openly masturbating. (*Id.*) Plaintiff complained regarding this placement but was not initially moved to a new cell. (*Id.*) In December 2021, Plaintiff's new cellmate allegedly struck Plaintiff and masturbated towards Plaintiff. (*Id.*) Plaintiff complained, but was told by a John Doe Officer he could not yet be moved due to his COVID-19 status. (*Id.*)

Plaintiff alleges he was assaulted by a different inmate in November 2021. (*Id.* at 6.) Plaintiff once again alleges that he advised prison staff that he felt unsafe by mail "prior to the assault," but does not detail what information was passed on to staff other than that Plaintiff stated that he thought his "life was in danger." (*Id.*) Plaintiff was once again transferred, but is now unhappy with his new cell placement as he is once again in a unit containing his initial attacker. (*Id.*) Plaintiff, however, does not allege that he has again been assaulted or harmed by this individual. (*Id.*)

In his final group of claims, Plaintiff alleges that he has been subjected to deplorable conditions of confinement at the jail. (*Id.* at 6-7.) Specifically, Plaintiff alleges that there is mold in the showers and housing units, the showers were inaccessible for several months, cleaning supplies are rarely provided, clean sheets are infrequently provided, and he has not been provided with opportunities to clean several of his clothing items. (*Id.*) Although Plaintiff conclusorily alleges that all Defendants are "aware" of these issues, he does not specifically allege how each Defendant was involved in producing or failing to correct them, or provide any facts to support the conclusory allegation that various Defendants—including corrections officers, high level jail officials, Mercer County, and county executives—were aware of the issues he has faced other than to suggest that unspecified ongoing litigation elsewhere should have placed them on notice. (*Id.* at 7-8.)

**II.   LEGAL STANDARD**

Because Plaintiff has been granted *in forma pauperis* status, the Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A

complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his current complaint, Plaintiff seeks to raise two types of claims pursuant to 42 U.S.C. § 1983 – a claim that jail staff failed to protect him from his two attackers and one of his cellmates in violation of the Due Process Clause of the Fourteenth Amendment, and a conditions of confinement claim alleging that he has been placed in punitive conditions in violation of the Fourteenth Amendment. Plaintiff also seeks to raise a number of state law claims.

As this Court has previously explained to Plaintiff, in order to plead a plausible claim for failure to protect under the Fourteenth Amendment, a plaintiff must plead facts showing he was "incarcerated under conditions posing a substantial risk of serious harm" and that the defendants were "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F. Supp. 3d at 438. Here, Plaintiff pleads that he was attacked on two occasions and was placed in a cell with a cellmate who had a history of being abusive. Although Plaintiff states that he "advised" several Defendants of information prior to the two attacks, and that he complained about his cellmate, he does not detail what information was passed on through these advisements or any specific instances he reported to Defendants which would suggest to the officers to whom he made his reports that he was actually in danger, rather than merely in conflict with, the individuals who attacked him. Although

4

Plaintiff alleges he expressed fear for his safety through "in-house mail," he does not report what was written in those mailings, or whether they were actually received. In the absence of some allegations as to what information was actually provided to Defendants, the Court cannot plausibly infer that they should have known that Plaintiff was in danger prior to the actual assaults or that they were deliberately indifferent to such a danger. Plaintiff's failure to protect claims are therefore once again dismissed without prejudice.

In his remaining federal claim, Plaintiff seeks to raise a punitive conditions of confinement claim against all Defendants. In determining whether a given set of circumstances amounts to unconstitutional conditions of confinement, "the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). Even where the conditions in question are so severe that they would amount to punishment, however, a plaintiff seeking to hold a given defendant liable for a conditions of confinement claim must plead facts which show that the defendant acted with at least deliberate indifference to the conditions in question. *Edwards v. Northampton County*, 663 F. App'x 132, 135-36 (3d Cir. 2016). Thus, where a plaintiff fails to plead facts indicating that a given defendant at the very least knew of and disregarded the allegedly punitive conditions in question, his claims against that defendant must be dismissed. *Id.* at 136.

Although Plaintiff pleads conditions of confinement that raise the possibility that his conditions could, in the absence of explanation or a legitimate government purpose, be so serious as to be punitive, he does not adequately connect any Defendant to his conditions. Although he provided a conclusory allegation that all Defendants were "aware" of the conditions, he pleads no facts to support this conclusion, other than to state that he raised the issues in grievances to the Warden and other unspecified jail officials. Even given this allegation, however, Plaintiff also explicitly alleges that the grievances he filed never received responses, were interfered with by

unspecified staff, and could not be appealed to the Warden's attention, suggesting that his grievances were never received by the warden or other "high level" officials. (ECF No. 5 at 9.) In any event, Plaintiff does not elaborate as to what information he raised to the Warden's attention, or the attention of other "high-level" officials. Plaintiff merely states that he filed grievances and made verbal complaints to unspecified individuals during his stay regarding some aspects of the conditions to which he has been exposed. Without specific allegations that he actually raised the conditions in question to the attention of the named Defendants and requested they be alleviated, Plaintiff fails to plead facts indicating that the named Defendants were aware of,[1] and in turn indifferent to, his conditions of confinement. Plaintiff's conditions of confinement claims shall therefore once again be dismissed without prejudice.

Because the Court will dismiss all claims over which the Court has original jurisdiction, the Court declines to extend supplemental jurisdiction over Plaintiff's additional state law claims at this time. *See* 28 U.S.C. § 1367(c)(3). Plaintiff is granted leave, however, to file a second amended complaint addressing the noted deficiencies in his amended complaint within thirty days.

---

[1] Although Plaintiff need not provide fine grained details as to his various grievances, he must at least allege facts indicating what issues he specifically raised, and to which Defendants, to permit the logical inference that a given Defendant to whom the issues were raised was aware of and disregarded the issues. Should Plaintiff choose to file a second amended complaint, he should provide allegations presenting at least basic details regarding the specific individuals he communicated the issues to, and whether his complaints were received by them.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file a second amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE